## INVALIDITY OF THE VAGRANCY ACT.

Common Pleas Court of Hamilton County.

Ex Parte Frank Smith; and Ex Parte Edward Campbell.

Decided, July 24, 1912.

*Constitutional Law—Section* 13409 *Relating to Vagrancy—Loosely Drawn and in Violation of the Bill of Rights.*

Section 13409 of the General Code, defining vagrancy and providing for the fining and imprisonment of vagrants, is indefinite to a degree which renders its enforcement impracticable, and is in violation of the inalienable right to the liberty clause of the Bill of Rights, and both the statute and the Cincinnati ordinance enacted thereunder are unconstitutional.

*James S. Myers,* for Campbell.
*J. J. McCartin,* for Smith.
*Bernard C. Fox,* for respondent.

Dickson, J. (orally).

The prisoners are confined in the city work house under commitments issued from the Police Court of Cincinnati, Hamilton county, Ohio. The affidavits, foundations of the commitments, are the same except as to dates and names, and are as follows:

"Eugene Matthews being first duly cautioned and sworn, says that one Edward Campbell, on or about the 10th day of July, 1912, at the city of Cincinnati, Hamilton county, Ohio, being then and there a male person, of the age of twenty-one years, and physically able to perform manual labor, has willfully and unlawfully not made reasonable effort to procure employment, and was then and there upon the day and date aforesaid, found in a state of vagrancy in the city, county and state aforesaid." Signed and sworn to.

The city claims that the authority for these affidavits is Section 907 of the Ordinances of Cincinnati, Codification year 1911, which states as far as this offense is concerned, this:

"If any vagrant shall be found in the city of Cincinnati, such person shall on conviction thereof in the police court, be fined for each offense in any sum not less than five ($5) dollars, or more than fifty ($50) dollars."

The city by its counsel states that the definition of a vagrant is from the statutes of Ohio.

Section 6994 of the Revised Statutes reads:

"A male person physically able to perform manual labor, who has not made reasonable effort to procure employment, or who has refused to labor at reasonable prices, who is found in a state of vagrancy, or practicing common begging, shall be fined not more than fifty dollars, and be sentenced to hard labor in the jail of the county until the fine, and the costs of prosecution and accruing costs are paid, and for his labor such convict shall receive credit upon such fine and costs at the rate of seventy-five cents per day."

The New General Code changed this section and has left out the gist of the section and has destroyed it.

Section 13409 provides:

"Whoever, being a male person able to perform manual labor, has not made reasonable effort to procure employment or has refused to labor at reasonable prices, is a vagrant or common beggar, and shall be fined not more than fifty dollars and sentenced to hard labor in jail until the fine and costs are paid. For such labor he shall receive a credit upon said fine and costs at the rate of seventy-five cents per day."

The vagrant as thus defined is indefinite. In Ohio there is no common law crime or offense. A crime or offense is defined by the General Assembly, or under its authority, as to certain kinds of misdemeanors by the council of a city by ordinance.

One of man's inalienable rights is liberty. Ignorance of the law excuses no one, but certainly the law which punishes, at least should be clear, definite and certain. It is severe enough to require a knowledge of the law to be in every one. A law should be such that it must be understood, not that it might be understood. There should not be any doubt as to whether a man is a beggar or a vagrant, and there should be no doubt as to what is meant by the words, vagrant and beggar. Neither the ordinance nor the statute as to a vagrant is capable of being understood by any one.

It is as unjust to punish one under an indefinite and uncertain law as to do so under an *ex post facto* law. Each is equally bad.

The statute and the ordinance are void as against the Bill of Rights, Article I, Section 1.